# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

ANGELA FAVORS-MORRELL,           *
                                 *
            Plaintiff,           *
                                 *        CV 211-91
       v.                        *        CV 209-58
                                 *        CV 200-158
UNITED STATES OF AMERICA,        *
                                 *
            Defendant.           *

## ORDER

Presently pending before the Court is Plaintiff's twenty-third post-judgment effort to revive her claims, first dismissed nearly fifteen years ago by Judge Anthony A. Alaimo. See Case No. 2:00cv158. Her original action, filed in the year 2000, complained of her July 2, 1999 termination from the Federal Law Enforcement Training Center. Summary Judgment was granted to the Defendants and against Plaintiff by Judge Alaimo in April of 2002. Id., Dkt. No. 85. The Eleventh Circuit Court of Appeals dismissed Plaintiff's appeal fourteen years ago in August 2002. Favors v. O'Neill, No. 02-13017 (Aug. 13, 2002).

Seven years later, on May 13, 2009, she filed her second lawsuit based on the same termination, and the second lawsuit was dismissed seven years ago on December 16, 2009. See Case No. 2:09cv58, Dkt. Nos. 1 & 41.

Two years later, on June 6, 2011, she filed her third lawsuit based on the same termination, and the third lawsuit was dismissed five years ago on November 30, 2011.[1] Case No. 2:11cv91, Dkt. Nos. 1 & 15.

After all of these suits were dismissed and all appeals lost, Plaintiff began a prolific campaign of post-dismissal motions seeking to re-open various of her long-dismissed suits complaining about the termination that occurred at the end of the last century.

Included in these prior, unsuccessful attempts to reopen the old cases are:

1. Motion to Change Venue filed in 2014 in Case 2:00cv158 (Dkt. No. 105)

2. Motion to Reopen Case filed in 2014 in Case No. 2:00cv158 (Dkt. No. 106)

3. Motion to Vacate All Orders filed in 2014 in Case No. 2:00cv158 (Dkt. No. 107)

4. Motion for Conference filed in 2014 in Case No. 2:00cv158 (Dkt. No. 110)

5. Motion for Relief from Order filed in 2010 in Case No. 2:09cv58 (Dkt. No. 46)

---

[1] In addition to these three suits, Plaintiff's husband filed derivative actions based on the same termination. These, too, were dismissed. See, e.g., Case No. 2:11cv92, Case No. 2:09cv59.

AO 72A
(Rev. 8/82)

6. Motion for Equitable Estoppel filed in 2010 in Case No. 2:09cv58 (Dkt. No. 49)

7. Motion for Equitable Tolling filed in 2010 in Case No. 2:09cv58 (Dkt. No. 50)

8. Motion to Vacate filed in 2010 in Case No. 2:09cv58 (Dkt. No. 52)

9. Motion for Review filed in 2014 in Case No. 2:09cv58 (Dkt. No. 55)

10.     Motion to Change Venue filed in 2014 in Case No. 2:09cv58 (Dkt. No. 59)

11.     Motion to Reopen Case filed in 2014 in Case No. 2:09cv58 (Dkt. No. 60)

12.     Motion for Conference in 2014 in Case No. 2:09cv58 (Dkt. No. 63)

13.     Motion for Recusal in 2011 in Case No. 2:11cv91 (Dkt. No. 17)

14.     Motion for "New Trial" in 2011 in Case No. 2:11cv91 (Dkt. No. 18)

15.     Motion to Vacate in 2011 in Case No. 2:11cv91 (Dkt. No. 19)

16.     Motion to Vacate in 2012 in Case No. 2:11cv91 (Dkt. No. 24)

17.     Motion to Vacate in 2012 in Case No. 2:11cv91 (Dkt. No. 28)

AO 72A
(Rev. 8/82)

18.    Motion for Reconsideration in 2012 in Case No. 2:11cv91 (Dkt. No 32)

19.    Petition for Review in 2014 in Case No. 2:11cv91 (Dkt. No. 34)

20.    Motion to Change Venue in 2014 in Case No. 2:11cv91 (Dkt. No. 39)

21.    Motion to Reopen Case in Case No. 2:11cv91 (Dkt. No. 40)

22.    Motion for Conference in 2014 in Case No. 2:11cv91 (Dkt. No. 43)

In this, her twenty-third attempt to overturn her dismissal, she presents a letter she purports to have received from Judge Anthony Alaimo on March 25, 2009. Plaintiff alleges that Judge Alaimo was unfair to her and that he wrote her a letter years ago confessing his extreme bias. This exhibit, which Plaintiff alleges was written by Judge Alaimo, states, "I will forever be remorseful for my inappropriate inflammatory reference of you as noted in the Pre-trial conference. My personal antipathy towards you impaired by ability to render fair judgment." Case No. 2:00cv158, Dkt. No. 113; Case No. 2:09cv58, Dkt. No. 67; Case No. 2:11cv91, Dkt. Nos. 47 & 48.

Plaintiff offers no explanation for holding the letter for seven-and-one-half years and twenty-two motions before submitting it in October of 2016 as a focal point of her present

AO 72A
(Rev. 8/82)

motions. Even if one were to overlook the letter's typographical error, grammatical mistake, unusual content and peculiar timing of presentment, and even if one were to believe that Judge Alaimo would ever write an *ex parte* letter to a litigant about a case confessing extreme bias and unfairness on his part, this twenty-third attempt at reversing the outcome would still fail.

Rule 60(b) provides relief from a final judgment or order on several grounds, including fraud, misrepresentation, and newly discovered evidence. FED. R. CIV. P. 60(b)(2), (3). Ordinarily, a Rule 60(b) motion must be made within one year of the entry of judgment. FED. R. CIV. P. 60(c)(1). However, Rule 60(d)(3) allows relief from a final judgment that is more than one year old if the movant can show "fraud on the court." FED. R. CIV. P. 60(d)(3). "Where relief from a judgment is sought due to fraud on the court, the fraud must be established by clear and convincing evidence." Gupta v. Walt Disney World Co., 482 F. App'x 458, 459 (11th Cir. 2012) (citing Booker v. Dugger, 825 F.2d 281, 283 (11th Cir. 1987)). "'[O]nly the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute a fraud on the court." Id. The evidence must amount to an "'unconscionable plan or scheme' to improperly influence the court's decision." Id.

AO 72A
(Rev. 8/82)

As noted above, much about the body of the letter is suspect. Yet, even if it were shown to be authentic, the letter cannot serve as clear and convincing evidence that a fraud was committed upon the Court. Nor does the letter prove that Judge Alaimo or any other Court official or attorney participated in any bribery or fabrication of evidence. To the contrary, Judge Alaimo's twenty-two page order granting summary judgment remains good law. The legal conclusions remain solid after fifteen years, multiple appeals, and twenty-three post-judgment motions.

Plaintiff's Motions to Vacate Judgment, Case Nos. 2:00cv158, Dkt. No. 113, 2:09cv58, Dkt. No. 67, and 2:11cv91, Dkt. Nos. 47, are **DENIED**. These cases remain closed.

**SO ORDERED**, this 24th day of January, 2017.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)